# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| GREGORY A. NEWTON, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-0026 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| FCI Beckley, ) | |
| ) | |
|     Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be denied

### FACT AND PROCEDURE

On September 7, 2005, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of "Conspiracy to Distribute and Possess with the Intent to Distribute 50 Grams, or more, of Crack Cocaine" in violation of 21 U.S.C. § 846 (Count 1); and one count of "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" in violation of 21 U.S.C. § 924(c) (Count 11). On January 10, 2006, the District Court sentenced Petitioner to a 188 month term

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of imprisonment as to Count One, and a 60 month term of imprisonment as to Count Eleven to run consecutively with Count One. United States v. Newton, Case No. 5:05-cr-00016 (W.D.Va. Jan. 10, 2006). Notice of Retroactive Application of Sentencing Guidelines regarding Petitioner's Crack Cocaine Offense was filed in the Western District of Virginia on February 20, 2008.[2] Id., Document No. 150. By Memorandum Opinion and Judgment Order entered on March 25, 2008, the District Court granted Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2). Id., Document No. 162. The District Court reduced Petitioner's sentence to "151 months on the drug count and a mandatory 60 months on 924(c) to run consecutively for a total sentence of 211 months." Id.

On January 12, 2007, Petitioner filed in the Western District of Virginia a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Newton v. United States, Civil Action No. 7:07-00013 (W.D.Va. Aug. 22, 2007). As grounds of *habeas* relief, Petitioner asserted ineffective assistance of counsel. Id., Document No. 1. On August 22, 2007, the District Court denied Petitioner's Section 2255 Motion finding that Petitioner's claim was waived by his valid plea agreement. Id., Document Nos. 12 and 13. Petitioner appealed the District Court's decision to the Fourth Circuit. The Fourth Circuit denied the appeal on April 3, 2008. United States v. Newton, 272 Fed.Appx. 242 (4th Cir. 2008).

On October 14, 2008, Petitioner filed in the Western District of Virginia his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Newton v. United States, Civil Action No. 5:08-80099 (W.D.Va. Dec. 8, 2008); United States v.

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Newton, Case No. 5:05-cr-00016, Document No. 177. Petitioner asserted the following grounds of error: (1) "Newly discovered Supreme Court decisions pertaining to Section 924(c) conviction;" and (2) Actual Innocence. Id. On December 8, 2008, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 190 and 191.

On September 15, 2008, Petitioner filed in the Western District of Virginia a pleading styled as "Writ of Error Pursuant to 28 U.S.C. § 1651(a) in Aid of Court Original Jurisdiction Pursuant to 18 § 3231." Id., Document No. 202. By Orders entered on March 30, 2009, the District Court construed the document as a Section 2255 Motion and denied Petitioner's Section 2255 Motion as successive. Id., Document Nos. 200, 201, 203, and 204.

On January 12, 2010, Petitioner filed the instant Application alleging that his Section 924(c) conviction is invalid based upon Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). (Document No. 1.) Petitioner explains that he "was convicted of one count of violating § 924(c)(1) based on a controlled trade of crack for a firearm." (Document No. 2, p. 5.) Based upon Watson, Petitioner argues that "possession of firearms during and in relation to a drug trafficking offense does not constitute "use" within the meaning of § 924(c)(1); thus, petitioner is incarcerated for conduct that is not criminal." (Id.) Petitioner further argues that there was no nexus between the firearm and the drug selling operation. (Id., pp. 7 - 9.) Accordingly, Petitioner requests that his Court grant him *habeas* relief.

## **ANALYSIS**

A federal inmate wishing to challenge the validity of his conviction or sentence must ordinarily proceed by filing a motion under 28 U.S.C. § 2255. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). As noted above, Petitioner has already filed one motion under Section 2255, and he cannot file a successive petition unless he establishes (1) the existence of newly discovered evidence that establishes

3

his innocence, or (2) that a new rule of constitutional law is available that was unavailable when he filed his first Section 2255 motion. 28 U.S.C. § 2255(h). The Watson decision relied on by Petitioner was not entered until December 10, 2007, which was subsequent to Petitioner's filing of his first Section 2255 Motion. See Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). The Watson decision, however, did not announce a new rule of constitutional law as the decision was based upon the principles of statutory interpretation. Id. Petitioner, therefore, is unable to bring a successive petition under Section 2255.

Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of

constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned finds that Section 2255 is inadequate and ineffective to test the legality of Petitioner's conviction. At the time of Petitioner's conviction as to Count Eleven, settled law established that a person who trades drugs for guns was guilty of violating 18 U.S.C. § 924(c)(1)(A). On December 10, 2007, the United States Supreme Court held that a person who trades drugs for firearms does not "use" a firearm within the meaning of Section 924(c)(1). Watson, 552 U.S. at 82, 128 S.Ct. at 586. Petitioner did not file a direct appeal due to a waiver placed in his plea agreement and his first Section 2255 motion was denied on September 22, 2007. Thus, substantive law changed subsequently to Petitioner's first Section 2255 motion. Finally, Petitioner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule established by Watson is one of statutory interpretation, not one of constitutional law. Therefore, Petitioner's Petition under Section 2241 is properly before this Court.[3] See Short v. Shultaz, 2008 WL 1984262 (W.D.Va. May 6, 2008)(finding that the petitioner's Watson claim was properly raised in his Section 2241 Petition), aff'd, 298 Fed.Appx. 246 (4th Cir. 2008), cert. denied, ___ U.S. ___, 129 S.Ct. 1376, 173 L.Ed.2d 631 (2009).

Based upon Watson, Petitioner alleges that his is entitled to *habeas* relief from his Section 924(c) conviction (Count 11). Section 924(c)(1)(A) provides that an individual's punishment can be enhanced if an individual "uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm."[4] As stated above, the Watson Court held that a person who trades drugs for firearms does

---

[3] The undersigned notes that it lacks authority to transfer Petitioner's Section 2241 Petition to the Western District of Virginia because a Petition under Section 2241 may only be brought in the district of incarceration.

[4] Title 18 U.S.C. § 924(c)(1)(A) provides as follows:

5

not "use" a firearm within the meaning of Section 924(c)(1). Watson, 552 U.S. at 82, 128 S.Ct. at 586. In United States v. Wood, the Fourth Circuit stated that it was joining the Sixth, Eighth, and Tenth Circuits in holding that Section 924(c) creates distinct "use and carry" and "possession" offenses. United States v. Wood, 271 Fed.Appx. 338, 343 (4th Cir. Mar. 26, 2008). Thus, the Fourth Circuit recognized that Section 924(c) has two prongs: (1) the statute criminalizes the use or carrying of a firearm in relation to a drug trafficking crime; and (2) the statute criminalizes the possession of a firearm in furtherance of a drug trafficking crime. The Fourth Circuit, therefore, found that Mr. Woods was charged with "possession" rather than "use" of a firearm, and "he obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the course of his drugs-for-guns business." Id., at 346; also see United States v. Robinson, 627 F.3d 941, 955 (4th Cir. 2010)(holding that "trading drugs for guns constitutes possession in furtherance within the meaning of § 924(c)"); Hudson v. Cauley, 2010 WL 5109878, * 5 - 6 (S.D.W.Va. Dec. 9, 2010)(J. Copenhaver)(finding that petitioner was not entitled to relief under Watson because petitioner was convicted of violating the "possession" prong of Section 924(c)). In his instant Petition, Petitioner challenges his conviction as to Count Eleven. Based upon Watson, Petitioner argues that "[t]he act for which I was convicted is no longer considered to be a crime." (Document No. 1, p. 6.) In Count Eleven, Petitioner was charged as follows:

> That on or about January 2, 2005, in the Western Judicial District of Virginia, the defendants, DENIS JAMES MITCHELL and GREGORY ADAM NEWTON,

---

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .

6

knowingly possessed a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, as charged in Count Ten, which is incorporated by reference herein. All in violation of Title 18, United States Code, Section 924(c)(1).

United States v. Newton, Case No. 5:05-cr-00016, Document No. 1. Unlike the defendant in the Watson case, Petitioner was clearly charged with, and plead guilty to, "possession" of a firearm.[5]

Further, Petitioner stipulated to the following factual basis for the plea:

> On January 2, 2005, ATF and NWVRDTF using a CI conducted a controlled trade of crack cocaine for a Glock 9mm pistol from the Warren County Sheriff's Office. Soon thereafter, the Warren County Tactical Team executed a search warrant at the residence, recovering the Glock pistol, crack cocaine and arresting defendant and his co-defendant Dennis MITCHEL without incident. MITCHEL was arrested for facilitating the exchange of the crack cocaine for the Glock pistol and being a felon in possession of a firearm. NEWTON was arrested for trading crack cocaine for the Glock pistol and being a felon in possession of a firearm.

Id., Document No. 57. Petitioner's conduct clearly qualifies as criminal conduct under the "possession" prong of Section 924(c). Accordingly, the undersigned finds that the Watson decision does not invalidate Petitioner's conviction of "possessing" a firearm in the furtherance of a drug trafficking crime in violation of Section 924(c).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

---

[5] The undersigned notes that Petitioner was not convicted of "using" a firearm in relation to a drug trafficking crime.

a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 6, 2012.

R. Clarke VanDervort
United States Magistrate Judge