**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GREGORY A. NEWTON,

               Petitioner,

v.                                CIVIL ACTION NO.   5:10-cv-00026

DAVID BERKEBILE,

               Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document 1) and his Legal Memorandum in Support (Document 2).   By Standing Order (Document 4) filed on January 12, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On November 6, 2012, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 7), wherein he recommended that this Court dismiss Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and remove this matter from the Court's docket. On November 19, 2012, Petitioner timely filed his objections to the Magistrate Judge's PF&R (Document 8), which the Court has reviewed.   After thorough review and consideration, the Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I.     FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in detail Petitioner's previous and current motions. (PF&R.) The Court now incorporates by reference those facts and procedural history. To provide context for the ruling herein, the Court provides the following summary.

On September 7, 2005, Petitioner pled guilty in the United States District Court for the Western District of Virginia to Count 1, "Conspiracy to Distribute and Possess with Intent to Distribute 50 grams, or more, of Crack Cocaine," in violation of 21 U.S.C. § 846, and Count 11, "Possession of a Firearm in Furtherance of a Drug Trafficking Crime," in violation of 21 U.S.C. § 924(c). *United States v. Gregory Adam Newton*, Case No. 5:05-cr-00016 (W.D.Va. 2005) at Dkt. 56.   On January 10, 2006, the Honorable Glen E. Conrad, Judge of the District Court in Virginia, sentenced Petitioner to a term of imprisonment of one hundred eighty-eight (188) months as to Count 1 and sixty (60) months as to Count 11 to be served consecutively and to be followed by a term of supervised release of five (5) years as to Count 1 and three (3) years as to Count 11 to be served concurrently. (*Id.* at Dkt. 97).   Petitioner did not appeal.

On February 20, 2008, the Honorable Glen E. Conrad, Judge of the District Court in Virginia, filed a Notice to Parties concerning the retroactive application of the United States Sentencing Guidelines affecting Petitioner's Crack Cocaine Offense. (*Id.* at Dkt. 150).   On March 25, 2008, the Honorable Glen E. Conrad, Judge of the District Court in Virginia, reduced Petitioner's sentence as to Count 1 to one hundred fifty-one (151) months. (*Id.* at Dkt. 162). Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution located in Beaver, West Virginia ("FCI-Beckley").

Petitioner, acting *pro se*, filed two Motions to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 in the Western District of Virginia. Petitioner filed his first motion on January 12, 2007, alleging ineffective assistance of counsel. *Newton v. United States*, No. 7:07-cv-00013, 2007 WL 2439446 (W.D.Va. Aug. 23, 2007). On August 23, 2007, the Honorable Glen E. Conrad, Judge of the District Court in Virginia, found that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement, and therefore, dismissed Petitioner's motion. (*Id.*) Petitioner appealed to the Fourth Circuit Court of Appeals, which denied the appeal on April 3, 2008, finding that Petitioner neither received a certificate of appealability nor satisfied the requisite standard entitling him to one. *United States v. Newton* 272 Fed.App'x 242, 244 (4th Cir.2008) (per curiam).

On October 14, 2008, Petitioner filed his second Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, alleging (1) "[n]ewly discovered Supreme Court decisions, pertaining to Section 924(c) convictions;" and (2) actual innocence. *Newton v. United States*, No. 5:08-cv-80099, 2008 WL 5169126 (W.D.Va. Dec. 8, 2008).   On December 8, 2008, the Honorable Glen E. Conrad, Judge of the District Court in Virginia, dismissed Petitioner's motion finding that it was his second section 2255 motion and he had not submitted any evidence of having obtained authorization from the Fourth Circuit Court of Appeals to file a second or successive section 2255 motion. (*Id.*)

On September 15, 2008, Petitioner, acting *pro se*, filed a "Writ of Error Pursuant to 28 U.S.C.A. § 1651(a) in Aid of Court Original Jurisdiction Pursuant to 18 [§] 3231" in the Western District of Virginia seeking "the complete discharge and release of petitioner." *U.S. v. Newton*, No. 5:05-cr-00016 (W.D.Va. 2008) at Dkt. 173.   On March 30, 2009, the Honorable Glen E. Conrad,

Judge of the District Court in Virginia, construed Petitioner's "writ of error" as a Section 2255 motion and dismissed it as successive. (*Id.* at Dkt. 200, 201 203, and 204.)

On January 12, 2012, Petitioner filed the current motion, an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document 1) and his Legal Memorandum in Support (Document 2). Petitioner recognizes that he is barred from filing a successive Section 2255 motion, and therefore, "seeks to invoke the 'savings clause' [of Section 2255] as a means of presenting his actual innocent claim to this district court." (*Id.* at 4.) Petitioner cites to the Supreme Court case of *Watson v. United States*, 522 U.S. 74 (2007), for the proposition that "the Government must prove active employment of a firearm in order to convict under the 'use' prong of § 924(c)(1)" and "possession of a firearms during and in relation to a drug trafficking offense does not constitute 'use.'" (Document 2 at 3, 5.) Petitioner contends that because "he never simultaneously possessed the crack cocaine and the 9mm . . . [f]actually, he is legally innocent of the offense § 924(c); [and because] he [n]ever used the 9mm handgun to aid or further the offense" there is no nexus between the gun and the drug operation. (*Id.* at 2-3, 9.) Therefore, Petitioner argues that he is "incarcerated for conduct that is not criminal." (*Id.* at 5.)

On November 6, 2012, Magistrate Judge VanDervort submitted his PF&R (Document 7). On November 19, 2012, Petitioner timely filed his objections (Document 8).

## II.    STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

4

which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this

Court need not conduct a *de novo* review when a party "makes general and conclusory objections

that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing

portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his

pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe*

*v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.   DISCUSSION

The statutory framework for post-conviction relief from federal judgments of conviction is

found in Chapter 153 of Title 28 of the United States Code.   A writ of habeas corpus pursuant to

28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

are separate and distinct devices for securing post-conviction relief.   A Section 28 U.S.C. § 2241

habeas petition, which "can only be filed in the district in which a prisoner is confined," deals with

Petitioner's "commitment or detention" and attacks the manner in which a sentence is executed. 28

U.S.C. § 2241; *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).   On the other hand, a 28

U.S.C. § 2255 habeas petition, which is filed with the original sentencing court, is used to

collaterally attack the imposition or validity of a federal inmate's judgment and sentence. 28

U.S.C. § 2255(a); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Generally, a federal prisoner may not seek collateral relief from a conviction or sentence by

way of a Section 2241 petition.   However, when Section 2255 "appears…inadequate or

ineffective to test the legality of his detention," a federal prisoner may seek habeas relief under

Section 2241.   *Poole,* 531 F.3d at 270 (quoting 28 U.S.C. § 2255(e)).   The Fourth Circuit Court

of Appeals has noted that this so-called "savings clause" "applies in only very limited circumstances." *Poole,* 531 F.3d at 269 (quoting *Poole v. Dotson*, 469 F.Supp.2d 329, 333 (D.Md. 2007). Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole,* 531 F.3d at 269 (quoting *Jones,* 226 F.3d at 333-34); *Darden v. Stephens*, No. 10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *See McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979). If the petitioner cannot meet the "savings clause" standard, and he is challenging his sentence and conviction, the Court can construe the petition as a 2255 motion. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998). However, under the statute, "a second or successive motion under § 2255 must be denied unless certified 'by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence…; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Poole,* 531 F.3d at 266 (quoting 28 U.S.C. § 2255(h)).

## A. Magistrate Judge's Findings

The Magistrate Judge found that although Petitioner is unable to bring a successive 2255 motion, the "savings clause" applies, which brings Petitioner's motion, attacking the validity of his judgment and sentence, properly under Section 2241. (PF&R at 3-5.) However, the Magistrate

6

Judge ultimately found that Petitioner's petition should be dismissed because "the <u>Watson</u> decision does not invalidate Petitioner's conviction of 'possessing' a firearm in furtherance of a drug trafficking crime in violation of Section 924(c)." (*Id.* at 4-7.)

The Magistrate Judge correctly found that because Petitioner has already filed multiple Section 2255 motions, he cannot file a successive motion unless he demonstrates either (1) newly discovered evidence that establishes his innocence or (2) that there is new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was unavailable when he filed his first Section 2255 motion. 28 U.S.C. § 2255(h).   In support of his Application, Petitioner relies on the Supreme Court's decision in *Watson*, which was entered subsequent to Petitioner's first Section 2255 motion. (PF&R at 4.)   However, the Magistrate Judge found that *Watson* "did not announce a new rule of constitutional law," and therefore, Petitioner is unable to bring a successive motion under Section 2255. (*Id.* at 4-5.)

The Magistrate Judge then found that the "savings clause" applies, bringing Petitioner's Section 2241 motion, seeking collateral relief from his conviction, properly before the Court. (*Id.*) The Magistrate Judge found that "Section 2255 is inadequate and ineffective to test the legality of Petitioner's conviction" because (1) "[a]t the time of Petitioner's conviction as to Count Eleven, settled law established that a person who trades drugs for guns was guilty of violating 18 U.S.C. § 924(c)(1)(A);" (2) substantive law changed after Petitioner's first Section 2255 motion, which was denied on September 22, 2007, because "[o]n December 10, 2007, the United States Supreme Court held that a person who trades drugs for firearms does not 'use' a firearm within the meaning of Section 924(c)(1);" and (3) "Petitioner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule established by <u>Watson</u> is one of statutory interpretation, not one of

constitutional law." (*Id.* at 5) (citing *Watson*, 552 U.S. at 82.)

The Magistrate Judge then analyzed the statutory framework established by the Fourth Circuit in *United States v. Wood*, 271 Fed.App'x. 338, 343 (4th Cir. Mar. 26, 2008). As the Magistrate Judge explained, "the Fourth Circuit recognized that Section 924(c) has two prongs: (1) the statute criminalizes the use or carrying of a firearm in relation to a drug trafficking crime; and (2) the statute criminalizes the possession of a firearm in furtherance of a drug trafficking crime." (PF&R at 6.)   Petitioner challenges his conviction as to Count Eleven which charged Petitioner with "knowingly possess[ing] a firearm in furtherance of a drug trafficking crime." (*Id.* at 6-7) (citing *United States v. Newton*, No. 5:05-cr-00016, at Dkt. 1).   The Magistrate Judge noted that "[u]nlike the defendant in the <u>Watson</u> case, Petitioner was clearly charged with, and plead guilty to, 'possession' of a firearm." (PF&R at 7.)   In fact, in his plea agreement, Petitioner stipulated to being "arrested for trading crack cocaine for the Glock pistol and being a felon in possession of a firearm." (*Id.*) The Magistrate Judge found that because "Petitioner's conduct clearly qualifies as criminal conduct under the 'possession' prong of Section 924(c), . . . the <u>Watson</u> decision does not invalidate Petitioner's conviction of 'possessing' a firearm in furtherance of a drug trafficking crime in violation of Section 924(c)." (*Id.*)   Therefore, the Magistrate Judge recommended that this Court dismiss Petitioner's 2241 Petition. (*Id.*)

### B.  Petitioner's Objections

The Court finds that Petitioner's objections are without merit.   Although Petitioner is acting *pro se,* and thus, his pleadings are afforded liberal construction, his objections are not entitled to a de novo review because they are general and conclusory. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978).   As stated above, this

Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner's first objection is that "[t]he Magistrate Judge's, R. Clarke VanDervort, Proposed Finding and Recommendation is not true in Facts or Law and it should be rejected by this Honorable Court in its entirety." (Document 8 at 1).   Next, Petitioner states "with this written Reply Brief, his Petition must be accepted as true in Facts and Laws stated within it by this Honorable Court." (*Id.*)   The Court finds that Petitioner's objections are general, conclusory, and do not challenge any of the Magistrate's findings or direct the Court to a specific error in the Magistrate's PF&R.   Therefore, Petitioner's objections are without merit and should be overruled. *Orpiano*, 687 F.2d at 47.

## IV.   CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 7), denying Petitioner's Section 2241 motion, be **ADOPTED** and that Petitioner's objections to the PF&R (Document 8) be **OVERRULED**.   Furthermore, the Court **ORDERS** that Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document 1) be **DISMISSED**, and that this matter be **STRICKEN** from the docket of this Court.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).   A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).   The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is

debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).   The Court concludes that the governing standard is not satisfied in this instance.   Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.


ENTER:      January 22, 2013


IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA